UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES - GENERAL

'O'

| Case No. | 2:13-CR-00674-CAS | Date | July 25, 2016 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Katie Thibodeaux | Damaris Diaz / Jennifer Weinhold |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder, Tape No. | Assistant U.S. Attorney |

| U.S.A. v. Defendants: | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 2) ROBERT JACKSON (Waiver of Appearance Filed 7/9/15) | NOT | | X | 2) AMY JACKS | X | X | |
| 3) FRANCISCO SALAS (Waiver of Appearance Filed 8/31/15) | NOT | | X | 3) AARON MEYER | X | | X |

**Proceedings:** GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF DEFENDANTS' WARTIME SERVICE AND INJURIES (Dkt. 259, filed July 11, 2016)

## I.     INTRODUCTION & BACKGROUND

Defendants Robert Jackson ("defendant Jackson") and Francisco Salas ("defendant Salas") are each charged with one count of conspiracy to defraud the United States with Respect to Claims (Count One), and eleven counts of False Claims to the United States (with Counts Fourteen through Twenty-Four against defendant Jackson, and Counts Twenty-Five through Thirty-Five against defendant Salas). Defendants were lance corporals in the United States Marine Corps Forces Reserve ("USMCR") and assigned to the Third Naval Gunfire Liaison Company ("ANGLICO") at Terminal Island in San Pedro, California. In brief, this case involves an alleged conspiracy to submit false claims for per diem entitlements and reimbursements for time spent on active duty while on medical hold at the Terminal Island USMCR base from 2007 through 2009. A jury trial is currently scheduled to begin on August 9, 2016.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

Prior to engaging in the alleged conduct at issue in this case, both defendants Jackson and Salas were deployed and on active duty during the course of their service as U.S. Marine Corps Reservists. While deployed in Iraq in December 2006, defendant Jackson was struck in the helmet by a sniper's bullet. According to the government, the shot was deflected by defendant Jackson's helmet and did not penetrate his skull, but the impact caused him to fall off a six-foot wall, rendering him unconscious for several seconds and resulting in a level 3 concussion and a traumatic brain injury ("TBI"). Defendant Jackson has provided notice that he intends to offer expert testimony regarding his mental condition at the time of the charged crimes due to the effects of his wartime injury. In an order dated July 8, 2015, this Court denied the government's motion to exclude defendant Jackson's proposed expert testimony regarding his mental condition. Dkt. 191.

On July 11, 2016, the government filed the instant motion *in limine* to preclude evidence of defendant's wartime service and injuries. Dkt. 259 ("Motion"). On July 18, 2016, defendants Jackson and Salas each filed a separate opposition to the instant motion *in limine*. Dkt 262 ("Jackson's Opp'n"), 263 ("Salas's Opp'n"). Having carefully considered the parties' arguments, the Court concludes as follows.

## II. DISCUSSION

In their motion, the government contends that it does not seek to re-litigate the admissibility of defendant's proffered expert testimony regarding his mental condition, but rather seeks to exclude as irrelevant and unduly prejudicial, under Federal Rules of Evidence 401, 402, and 403, all evidence regarding defendants' wartime service and, in particular, "evidence relating to the manner in which defendant Jackson sustained his injury and any grisly or gruesome details of the injury." Motion at 2 n.2. More specifically, "the government seeks to preclude defendants from introducing evidence of [1] the details of [both Jackson's and Salas's] wartime deployment (including locations, durations of deployment, and any honors, awards, or accolades earned for such service), as well as [2] the details surrounding defendant Jackson's wartime injury (including the fact that he was shot in the helmet)." Motion at 2.

In the government's view, "[i]nformation regarding both defendants' service while deployed and the details regarding the manner in which defendant Jackson sustained his wartime injury have no bearing on defendants' guilt or innocence in this case, which deals exclusively with defendants' conduct while on active duty at the USMCR Terminal Island base after their deployment." Id. Accordingly, the government avers that evidence related to defendants' wartime service and injuries is irrelevant, and its introduction would improperly elicit the jury's sympathy. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

'O'

In his opposition, defendant Jackson first notes that each of the offenses charged in this case has at least one element related to defendant's *mens rea* at the time of the offense, and further all of the offenses occurred during the time period after Jackson sustained a TBI and before his discharge. Jackson's Opp'n at 2. Jackson avers that he has a right to present a complete defense, and that any such defense necessarily includes the following evidence, which, in defendant's view helps raise reasonable doubt as to whether the *mens rea* elements of the charged offenses have been proven:

> witness testimony regarding his pre-TBI physical, mental and emotional functioning; percipient witness testimony about the facts and circumstances surrounding his TBI; witness testimony regarding his postTBI physical, mental and emotional functioning; witness testimony regarding his TBI and PTSD diagnosis and treatment, including testimony about the narcotic pain killers prescribed for his back injury and, to provide context and meaning to the lay witness testimony, expert testimony about the physical, psychological and emotional symptoms of, and changes associated with, TBI and PTSD.

Id. at 5-6. In Jackson's view, once the jury is provided with such evidence, "the jury can then evaluate whether and how Mr. Jackson's 'wartime injury' affected his mental state during the period of the charged crimes." Id.

Separately, defendant Salas contends in his own opposition that "the fact of a combat deployment to Iraq is [relevant here because it is] temporally and factually intertwined with the allegedly fraudulent travel claims in this case." Salas's Opp'n at 1. Regarding the requisite *mens rea* elements of the charged offenses, Salas avers that he was diagnosed with "combat-related" post-traumatic stress disorder ("PTSD") some time after his combat deployment to Iraq, and that his PTSD resulted in physical, cognitive, and emotional changes at the time of the charged offenses. Id. at 1, 4. Accordingly, Salas contends that "some evidence of wartime traumatic exposure must be introduced in order to substantiate the existence and severity of [the] combat-related mental condition [i.e., PTSD]." Id. at 4. More specifically, such evidence and related testimony will help demonstrate the extent to which Salas "had cognitive deficits, [an] inability to concentrate, slowed thinking, and/or agitation in the months and years charged." Id. In Salas's view, this evidence will tend to assist the factfinder in determining whether or not the *mens rea* element of a charged offense is proven beyond a reasonable doubt. Id.

Upon a review of the parties' respective arguments, the Court **DENIES** without prejudice the government's motion *in limine* to preclude evidence of "defendants' wartime service and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

'O'

injuries," which broadly seeks to "preclude all references, evidence, and argument relating to: (1) the details of defendants' deployments in Iraq and North Carolina; and (2) the details surrounding the manner in which defendant Jackson sustained his December 2006 concussion and resulting brain injury and any gruesome description of that injury." Motion at 2, 4. While the Court agrees that certain details of defendants' wartime service—such as "discussions of either defendant's heroism in combat," see id. at 3, or details regarding any honors, awards, or accolades received—may be inadmissible, "motions *in limine* should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial." Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc., No. CV 08-8525PSG(PJWX), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010); see also In re Homestore.com, Inc., No. CV 01-11115 RSWL CWX, 2011 WL 291176, at *2 (C.D. Cal. Jan. 25, 2011) (denying as "over-broad and vague, and therefore inappropriate for review at the motion *in limine* stage," a motion to exclude a wide category of evidence). With this in mind, the Court finds it appropriate to deny the government's motion without prejudice to making specific objections to testimony or evidence regarding defendants' wartime service and injuries.

### III. CONCLUSION

In accordance with the foregoing, the government's motion *in limine* is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

| | 00 | : | 14 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |