NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
DAMARIS DIAZ (Cal. Bar No. 277524)
Assistant United States Attorney
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0302
     Facsimile: (213) 894-3713
     E-mail:    Damaris.Diaz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 13-674-CAS-2 |
|---|---|
| Plaintiff, | [PROPOSED] FINDINGS AND ORDER FOR RESTITUTION FOR DEFENDANT ROBERT JACKSON |
| v. | |
| ROBERT JACKSON, | |
| Defendant. | |

WHEREAS on December 11, 2018, the Ninth Circuit Court of Appeals issued its memorandum opinion in United States v. Robert Jackson, Case No. 16-50477, affirming defendant's convictions and vacating and remanding this Court's December 6, 2016 restitution order, and directing the Court to resolve the parties' disputes and set forth an "explanation of its reasoning, supported by the record" as to the proper amount of restitution owed by defendant in this case (see Dkt. 405 at p. 6), and

WHEREAS on July 22, 2019, the Court held a further restitution following the Ninth Circuit's mandate, and

1    WHEREAS the Court has previously read and considered the

2  sentencing papers filed by both parties in connection with the issue

3  of restitution,

4    THE COURT HEREBY FINDS, based upon the statements and evidence

5  presented at the restitution hearing, the parties' filings relating

6  to the issue of restitution, and all the files and records in this

7  case, that defendant's objections to the Pre-Sentence Report ("PSR")

8  and its calculations regarding defendant's restitution obligation

9  (Dkt. 352 at ¶ 128), are expressly overruled.  Specifically, the

10  Court finds:

11    1.   The Probation Department correctly calculated defendant's

12  restitution obligation, which represents the total amount paid to

13  defendant based on false claims in the course of the conspiracy.

14  (PSR ¶¶ 42, 44, 54, 128.)  The Court finds by a preponderance of the

15  evidence that the 27 claims submitted by defendant or on his behalf

16  and paid to defendant by the Department of Defense, Defense Finance

17  Accounting Service ("DFAS"), including individual false claims that

18  were not charged as substantive counts or for which defendant was

19  acquitted, were in fact false and were submitted to DFAS and paid

20  directly to defendant by DFAS in the course of the conspiracy.  (See

21  PSR ¶ 42; Trial Exs. 200 (summary chart), 204-231 (vouchers), 402-2

22  (defendant's bank statements.)  The Court also finds by a

23  preponderance of the evidence that the total loss to DFAS as a result

24  of payments made to defendant based on false claims was $115,754.60.

25  (See PSR ¶ 44.)  This amount represents the actual loss to the victim

26  (DFAS), which must be returned to said victim pursuant to the

27  Mandatory Victims Restitution Act ("MVRA").  See 18 U.S.C.

28  § 3663A(b)(1)(A) ("[t]he order of restitution shall require that such

1 defendant...return the property to the owner of the property...").

2 Pursuant to 18 U.S.C. § 3664(f)(1)(A), this Court shall order

3 restitution to DFAS in the full amount of DFAS's losses, namely

4 $115,754.60, without consideration of the economic circumstances of

5 the defendant.

6      2.   Defendant is not entitled to an offset based on false

7 claims for which he was not charged or was acquitted by the jury.

8 Under the MVRA, where, as here, "the crime of conviction includes a

9 scheme, conspiracy, or pattern of criminal activity as an element of

10 the offense,...the restitution order [may] include acts of related

11 conduct for which the defendant was not convicted." United States v.

12 Anieze-Smith, 923 F.3d 565, 573 (9th Cir. 2019)(quoting United States

13 v. Lawrence, 189 F.3d 838, 846-47 (9th Cir. 1999)).  The court finds

14 by a preponderance of evidence that all the losses were part of the

15 false claims conspiracy.  Accordingly, the restitution order may

16 include losses stemming from uncharged and acquitted conduct.  See

17 United States v. Castro, 554 F. App'x 664, 667 (9th Cir. 2014)

18 (affirming restitution award for losses arising out of uncharged and

19 acquitted conduct where  all losses stemmed from loans that were part

20 of a common scheme); United States v. Booth, 309 F.3d 566, 571, 575-

21 76 (9th Cir.2002).

22      3.   Defendant is not entitled to an offset against his

23 restitution obligation based on defendant's alleged entitlement to

24 travel lodging reimbursement.  Defendant has never submitted to DFAS

25 true claims for reimbursement for the time period charged in the

26 conspiracy that could, theoretically, offset any of the proved

27 losses, and cannot claim entitlement to the falsely-obtained payments

28 merely because he was eligible to submit valid claims.  See United

States v. Hunter, 618 F.3d 1062, 1064-66 (9th Cir. 2010) (defendant who sent false documents reflecting fictitious nursing credentials was not entitled to deduction from restitution for value of services provided to employers).  Furthermore even if, as defendant claims, he was misled by his coconspirator about his eligibility and the procedure for obtaining travel reimbursement and otherwise would not have conspired to defraud DFAS, defendant cannot rely on an alleged lack of diligence on the part of DFAS to excuse his own criminal conduct or reduce his restitution obligation.  See United States v. Lindsey, 850 F.3d 1009, 1015 (9th Cir. 2017) (evidence of negligence or intentional disregard by victim is not a defense to fraud).

ACCORDINGLY, THE COURT ORDERS that defendant's objections to the PSR are overruled.  Defendant shall pay restitution in the total amount of $115,754.60 to the United States Department of Defense, Defense Finance and Accounting Service, at the rate of $100 per month or 10% of defendant's gross monthly income, whichever is greater. (See PSR ¶ 114.)

Dated: July 25, 2019

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE